Sandra I. Weishart (089782),
sweishart@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
Unum Life Insurance Company of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. SCHECHTER,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and Does 1-10,<br><br>　　　　Defendants. | Case No.: 08 CV 459 WQH LSP<br><br>**DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br>[FRCP Rules 12(b)6 and 12(e)]<br><br>Date:　May 27, 2008<br>Time:　11:00 a.m.<br>Crtrm:　4<br><br>**NO ORAL ARGUMENT UNLESS REQUSTED BY THE COURT**<br><br>Disc. C/O:　　Not Set<br>Motion C/O:　Not Set<br>Trial Date:　　Not Set<br><br>Complaint Filed: March 12, 2008 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7671\521\08pleadings\motion to dismiss v2.doc

TO THE ABOVE-ENTITLED COURT, TO PLAINTIFF EDWARD L. SCHECHTER AND TO HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 27, 2008, at 11:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 4 of the above-entitled Court located at 880 Front Street, San Diego, California, Defendant Unum Life Insurance Company of America ("Unum Life"), will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure, Rule 12 (b) 6, for an order dismissing Plaintiff Edward L. Schechter's ("Plaintiff") First Claim for Relief for breach of the duty of good faith and fair dealing on the ground that it fails to state a claim upon which relief may be granted.

This motion is made because, based upon the face of the complaint, including the attached exhibit, Plaintiff's claim for bad faith is barred as a matter of law by the applicable statute of limitations, California Code of Civil Procedure section 339(1).

PLEASE TAKE FURTHER NOTICE THAT, in the alternative, Unum Life moves this Court, pursuant to Federal Rules of Civil Procedure, Rule 12 (e), for an order compelling Plaintiff to provide a more definite statement in his First Claim for Relief for breach of the duty of good faith and fair dealing of the date upon which he claims the contract that is the subject of this claim for relief was terminated.

This motion is based upon the alternative ground that Unum Life cannot determine when Plaintiff contends the contract allegedly was breached.

This Motion to Dismiss or, in the alternative, for a More Definite Statement, is based upon this Notice, the attached Memorandum of Law, the files and records of

this Court, and such other matters as may be raised during oral argument at the time of the hearing of this motion.

Dated:  April 23, 2008

BARGER & WOLEN LLP

By: _s/ Sandra I. Weishart_
Attorney for Defendant
Unum Life Insurance Co. of America
Email: sweishart@barwol.com

## 1. INTRODUCTION

The reason for this motion is simple. This is an alleged insurance "bad faith" case arising from Defendant Unum Life Insurance Company of America's ("Unum Life") termination of disability benefits under an insurance policy issued to Plaintiff Edward L. Schechter ("Plaintiff"). Based upon face of the complaint and its attached Exhibit "A," (the insurance policy that is the subject of this action), Plaintiff's first claim for relief for breach of the duty of good faith and fair dealing is time-barred.

According to the complaint, Plaintiff's disability insurance policy contains a provision providing "lifetime benefits" if Plaintiff becomes totally disabled prior to the "policy anniversary date" following his 55th birthday. Plaintiff alleges that the policy anniversary date following his 55th birthday was March 28, 1995. He alleges that he became totally disabled under the policy in *1994,* before he was age 55 and, therefore, he qualifies for lifetime benefits under the policy. Plaintiff further alleges that Unum Life terminated his benefits when he reached his 65th policy anniversary date — *i.e.*, March 28, 2005 — on ground that it had paid "maximum benefits" as of March 28, 2005 and that Plaintiff did not qualify for lifetime benefits under the policy. Although the allegations demonstrate that Unum Life terminated Plaintiff's benefits as of March 28, 2005, Plaintiff did not file his complaint until March 12, 2008, more than two years later. This exceeds the time allowed under Code of Civil Procedure section 339 (1), which governs bad faith claims.

Unum Life contends the allegations on the face of the complaint show, without question and as a matter of law, that the bad faith claim is time-barred. At a minimum, however, Unum Life is entitled to a more definite statement as to when Plaintiff alleges the claim was terminated. The allegations here are serious and, in light of the apparent bar of section 339 (1), if this Court determines that it cannot dismiss the first claim for relief outright, a more definite statement should be

provided to allow Unum Life to respond to the complaint and prepare its defense in this case.

## 2. STATEMENT OF ALLEGED FACTS[1]

Plaintiff alleges that Unum Life issued disability policy number LAD 075787 to him, along with a series of addenda increasing the benefits ("Policy"). *See* Cmplt., ¶ 6 and Exhibit "A," attached to the complaint and incorporated therein by reference.

Plaintiff further alleges that, in April 1994, while under the age of 55, he suffered a loss compensable under the terms of the Policy which ultimately caused him to undergo brain surgery. Cmplt., ¶ 8. He also alleges that his medical condition in April of 1994 caused him to be totally disabled while under the age of 55 and that the same medical condition continues to cause total disability from his own occupation presently. Cmplt., ¶ 9.

Plaintiff contends that the Policy provides for lifetime benefits if his sickness and total disability began before the age 55 Policy anniversary date, namely March 28, 1995. Cmplt., ¶ 11(A). He further alleges that he was totally disabled before March 28, 1995, and continued to be totally disabled thereafter, including a brief but failed attempt to return to work. *Id.* Plaintiff then alleges that Unum Life breached its duty of good faith and fair dealing because it only paid him to the Policy anniversary date following his 65th birthday, contending that Plaintiff was not disabled as of his 55th birth date/anniversary date under the Policy, which Unum Life calculates to be March 28, 1995. *Id.*

Plaintiff claims that Unum Life acknowledged and agreed that he was totally disabled in 1994 when Plaintiff was age 54, and that he has remained totally disabled since at least August 2, 1995. Cmplt., ¶ 11(B). Additionally, Plaintiff alleges that

---

[1] For purposes of this motion only, Unum Life accepts the allegations of the complaint and attached exhibits, as true.

1  Unum Life contends Plaintiff was not disabled as of March 28, 1995 because he
2  attempted to engage in the practice of ophthalmologic surgery in and around March
3  28, 1995. *Id.*

4  Plaintiff contends that a purported "process of nature rule" exists which
5  allegedly holds, pursuant to *McMackin v. Great American Reserve Ins. Co.* (1971) 22
6  Cal.App.3d 428, that an insured's failed attempt to return to work should not be used
7  to penalize or form a basis to deny benefits if the insured ultimately fails in his
8  attempt to return to work with the disability and that such alleged rule applies to the
9  facts of this case. Cmplt., ¶ 11(C).

10  Plaintiff then alleges that Unum Life did not inform him of the purported
11  "process of nature rule" and, instead, terminated his benefits when he reached the
12  65th anniversary date of the Policy, advising him that lifetime benefits could not be
13  paid. Cmplt., ¶ 11(D).

14  In sum, Plaintiff alleges that (1) he was 54 in 1994; (2) Unum Life
15  calculated the age 55 Policy anniversary date as March 28, 1995; and (3) Unum Life
16  terminated his benefits when he reached the age 65 Policy anniversary date — or
17  March 28, 2005 — on the ground that he was not eligible for lifetime benefits.

18  Plaintiff filed his complaint on March 12, 2008, more than two years after
19  Unum Life terminated his benefits. Therefore, the claim is time-barred based upon
20  the two-year limitation set forth in Code of Civil Procedure 339(1), which applies to
21  causes of action for bad faith.

23  3.   **PLAINTIFF'S BAD FAITH CLAIM IS BARRED BY THE LIMITATIONS**
24       **PERIOD IN CODE OF CIVIL PROCEDURE SECTION 339 (1)**

26  Under California law, the statute of limitations for breach of the implied
27  covenant of good faith and fair dealing (bad faith) is two years (under California
28  Code of Civil Procedure § 339(1)). *Love v. Fire Ins. Exchange*, 221 Cal.App.3d

1136, 1144, n.4 (1990); *Smyth v. USAA Prop. & Cas. Ins. Co.*, 5 Cal. App. 4th 1470, 1477 (1992); *Richardson v. Allstate Ins. Co.*, 117 Cal. App. 3d 8, 13 (1981).

The claim for relief accrues when the insurer unequivocally or formally denies the claim. *See, e.g., State Farm Fire & Cas. Co. v. Superior Court (Bolek)*, 210 Cal. App. 3d 604, 609 (1989). Further, the statute of limitations is not tolled because the insured belatedly discovers that the policy might provide coverage or because the insured is not aware of the legal theories upon which his claim may be based. *See, e.g., Love, supra* at 1143; *Lawrence v. Western Mutual Ins. Co.* (1988) 204 Cal. App. 3d 565, 574. Nor does the insurer have a duty to provide information to the insured concerning legal theories or remedies upon which his claim may be based. *See, e.g., Neff v. New York Life Ins. Co.* (1947) 30 Cal.2d 165, 170-172; *McGee v. Weinberg* (1979) 97 Cal.App.3d 798, 803-04.

As shown above, based upon the allegations on the face of the complaint and attached Exhibit "A," Plaintiff's claim was filed more than two years after the termination of monthly disability benefits when Plaintiff's reached the Policy anniversary date of March 28, 2005. His claim is, therefore, time-barred.

4.  **AT A MINIMUM, UNUM LIFE IS ENTITLED TO A MORE DEFINITE STATEMENT CONCERNING THE TERMINATION OF BENEFITS**

As stated above, Unum Life contends the bar of the applicable statute of limitations is apparent from the face of the complaint. Therefore, the complaint should be dismissed without leave to amend. To the extent that this Court determines that the motion to dismiss should not be granted, at a minimum, Unum Life is entitled to a more definite statement pursuant to Federal Rules of Civil Procedure, Rule 12 (e), as to when Plaintiff contends it terminated his benefits and the circumstances surrounding the termination.

5. <u>CONCLUSION</u>

For all of the foregoing reasons, Unum Life respectfully requests that the Court grant the motion to dismiss. In the alternative, Unum Life requests that the Court order Plaintiff to provide a more definite statement regarding when the he contends Unum Life terminated the Policy.

Dated: April 23, 2008                         BARGER & WOLEN LLP

By: s/ Sandra I. Weishart
      Attorney for Defendant
      Unum Life Insurance Co. of America
      Email: sweishart@barwol.com

# PROOF OF SERVICE
### *Edward L. Schechter v. Unum Life Insurance Company of America*
### *USDC NO. 08 CV 459 WQJ LSP)*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 W. Fifth Street, 47th floor. , Los Angeles, California 90071.

      On **April 23, 2008**, I served the foregoing document(s) described as **DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST CLAIM FOR RELIEF OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT** on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated in the mailing list below.

Harris I. Steinberg, Esq.<br>
Levine, Steinberg, Miller & Huver<br>
550 West C. Street, Suite 1810<br>
San Diego, CA 92101

**[X] BY MAIL**

    [X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X] BY CM/ECT**

    [X] Interested Party(ies) as listed above served through the Court's Case Management/ Electronic Case Filing (CM/ECT) system.

[X]    **(FEDERAL)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on **April 23, 2008**.

Sonia Martinez                       /s/ Sonia Martinez
(Name)                               (Signature)

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7671\521\08pleadings\proof of service.doc