1  HARRIS I. STEINBERG (Bar No. 89288)
   LEVINE, STEINBERG, MILLER & HUVER
2  550 W. "C" Street, Suite 1810
   San Diego, California 92101
3  Phone:(619) 231-9449
   Fax: (619)231-8638
4

5  Attorneys for Plaintiff

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9             FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10 EDWARD L. SCHECHTER,              )  CASE NO.  08-CV-459 WQH (LSP)
                                     )
11         Plaintiff,                )
                                     )  FIRST AMENDED COMPLAINT FOR
12 v.                                )  BREACH OF INSURANCE CONTRACT
                                     )  AND DEMAND FOR JURY TRIAL
13 UNUM LIFE INSURANCE COMPANY OF    )
   AMERICA and DOES 1 - 10,          )  (Compensatory and Punitive
14                                   )  Damages)
           Defendants.              )
15                                   )  1.    Breach of Contract
                                     )
16                                   )  2.    Declaratory Relief
                                     )
17 _____  )

18      PLAINTIFF, EDWARD L. SCHECHTER, FOR A FIRST CAUSE OF ACTION

19    AGAINST DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA

20        (hereinafter UNUM) ONLY FOR BREACH OF CONTRACT, ALLEGES:

21      1.    At all times herein noted plaintiff was and is a resident of San Diego and a citizen

22 of the State of California.

23      2.    At all times herein noted, defendant UNUM was a corporation with its principal

24 place of business in the State of Maine and incorporated in the State of Delaware.

25      3.    The present controversy involves diversity of citizenship and a claim in excess of

26 $75,000, making jurisdiction appropriate under 28 USC §1441.

27      4.    That the true names or capacities, whether individual, corporate, associate, or

28 otherwise, of defendants Does 1 through 10, inclusive, are unknown to plaintiff, who therefore

1 │ sues said defendants by such fictitious names. Plaintiff is informed and believes and therefore

2 │ alleges that each of the defendants designated herein as Doe is legally responsible in some manner

3 │ for the events and happenings herein referred to, and legally caused injury and damages

4 │ proximately thereby to plaintiff as herein alleged. Plaintiff is informed and believes and thereon

5 │ alleges that Does 1 through 10 are residents and citizens of the State of California, and made

6 │ representations and promises to plaintiff during the sale of the disability policy which is the

7 │ subject matter of this action. Plaintiff is informed and believes and thereon alleges that Does 1 -

8 │ 10 are residents and citizens of the State of California and participated in processing plaintiff's

9 │ claim for benefits under the disability policies which are the subject matter of this action.

10 │　　　　5.　　　That at all times herein mentioned, defendants, and each of them, were the agents

11 │ and employees of each of the remaining defendants, and were at all times acting within the

12 │ purpose and scope of said agency and employment, and each defendant has ratified and approved

13 │ the acts of his agent.

14 │　　　　6.　　　On or about March 28, 1976 and November 7, 1983, defendant UNUM entered into

15 │ written contracts and issued disability policy number LAD 075787 and a series of addendums

16 │ increasing the benefit (CLA95033, 952034, 952035, 95036 and 95037 to plaintiff. A copy of said

17 │ contract is marked as Exhibit "A", attached hereto, and incorporated herein by reference. Said

18 │ policy was entered into by plaintiff within the jurisdiction of the above-entitled court and required

19 │ the payment of benefits within the jurisdiction of the above-entitled court for a total amount to be

20 │ shown at the time of trial.

21 │　　　　7.　　　Plaintiff has paid all premiums due under said policy to defendant UNUM at all

22 │ relevant times herein and has performed all obligations under said policy on plaintiff's part to be

23 │ performed.

24 │　　　　8.　　　On or about April 1994, while plaintiff was under the age of 55 he suffered a loss

25 │ compensable under the terms of said policy in that plaintiff suffered from a meningioma that

26 │ caused tremors in his hands, fullness in his head, depression, a loss of visual field, reduced

27 │ cognitive ability and memory loss which caused him to undergo brain surgery.

28 │

9.     Plaintiff's medical condition in April of 1994 caused him to be totally disabled while under the age of 55.  The same medical condition continues to cause total disability from plaintiff's own occupation presently.

10.     On or about July 1994, plaintiff filed a claim for disability under said policy due to his physical problems, which prevented him from continuing to work in his regular occupational specialty as an optholmic surgeon.

11.     Defendant UNUM has breached its contractual obligations owed to plaintiff on or about March 28, 2005, in the following respects:

_____(A)     Defendant UNUM acknowledged and agreed that Dr. Schechter was in fact totally disabled and could not engage in his specialty on a regular and continuous basis.  Defendant UNUM initiated payment of total disability benefits in 1994 and to this date continues to pay plaintiff's total disability claim on other similar policies.  However, defendant ceased and terminated payments on the coverage which is the subject of this action, contending that plaintiff was not disabled as of his 55th birth date/anniversary date under defendant's policies which defendant calculates to be March 28, 1995.  The subject coverage provides for lifetime benefits if the sickness and total disability began before the age 55 policy anniversary, namely March 28, 1995.  Plaintiff was totally disabled before March 28, 1995 and continued to be totally disabled thereafter, including a brief but failed attempt to return to work.

(B)     Defendant has acknowledged and agreed that Dr. Schechter was totally disabled in 1994 when Dr. Schechter was age 54, and that he was and remains totally disabled since at least August 2, 1995.  Defendant claims Dr. Schechter was not disabled as of March 28, 1995 because he attempted to engage in the practice of optholmic surgery in and around March 28 1995, despite the fact that plaintiff was unable to return to his occupation on a regular and continuous basis.

(C)     Defendant was at all times aware that California adopts and follows the "process of nature" rule on disability claims pursuant to the decision in McMackin v. Great American Reserve Ins. Co. (1971) 22 Cal.App.3d 428, 99 Cal.Rptr. 227, which holds that an insured's failed attempts to return to work should not be used to penalize or form a basis to deny benefits if the insured ultimately fails in his attempt to return to work with the disability.  Despite defendant's

knowledge of the process of nature rule and its application in California, defendant refused to consider the rule or apply it to plaintiff's claim.

(D)    At no time did defendant inform plaintiff of the "process of nature rule" or its potential application to his claim.  Instead, defendant terminated payment on the subject policies when plaintiff reached the 65th anniversary date in the policies and advised him that lifetime benefits could not be paid because of his failed attempt to return to work after the 1994 brain surgery that had totally disabled him in 1994.

(E)    Defendant was at all times aware that plaintiff's acknowledged total disability as of August 2, 1995 was based on the same 1994 brain tumor and 1994 surgery and its after effects that had totally disabled him in 1994, and which disabilities continued to the present time.

(F)    Defendant was at all times aware that plaintiff never fully recovered from the 1994 brain tumor or surgery and that his attempts to return to work on a regular and continuous basis failed because of the ongoing medical problems and disability which began in 1994, before plaintiff reached the 55th anniversary date of defendant's policies.

(G)    Plaintiff is informed and believes and thereon alleges that defendant UNUM has breached the contract with plaintiff by other acts or omissions of which plaintiff is presently unaware.  Plaintiff will seek leave of court to amend this complaint at such time as plaintiff discovers the other acts or omissions of said defendant constituting such breach.

12.    As a proximate result of defendant's breach of contract, plaintiff has suffered, and will continue to suffer in the future, damages under said policies plus interest for a total amount to be shown at the time of trial.

13.    As a further proximate result of the aforementioned wrongful termination of benefits by defendant, plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out of pocket expenses, including attorney fees, all to plaintiff's damage in a sum to be determined at time of trial, but in any event a sum in excess of the jurisdictional requirements of the above-entitled court.

///

///

**PLAINTIFF, EDWARD L. SCHECHTER, FOR A SECOND CAUSE OF ACTION**

**AGAINST DEFENDANT, UNUM LIFE INSURANCE COMPANY OF AMERICA,**

**AND DOES 1 THROUGH 10, INCLUSIVE, IN DECLARATORY RELIEF, ALLEGES:**

14.     Plaintiff refers to paragraphs 1 through 13, inclusive, of the First Cause of Action and incorporates those paragraphs as though set forth in full in this cause of action.

15.     Pursuant to the terms of the insurance policy in question, plaintiff contends that he was and remains totally disabled and entitled to monthly disability benefits for the duration of his life.  Plaintiff has submitted all necessary documents and claim forms required in order to support his claim.

16.     An actual controversy exists between plaintiff on the one hand and UNUM on the other in that plaintiff contends that he was at all times and continues to be disabled and entitled to lifetime disability benefits.  Defendant, on the other hand, has terminated plaintiff's disability payments claiming plaintiff's attempt to return to work in 1995 disqualifies plaintiff's claim for lifetime benefits.

17.     Plaintiff requests a judicial declaration of the rights of both parties pursuant to the terms and conditions of the insurance policy in question, and further requests a judicial declaration that plaintiff is entitled to benefits under the terms of the insurance policy in question.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them as follows:

1.     Damages for failure to provide benefits under the disability policy in a sum to be determined at the time of trial;

2.     General damages for mental and emotional distress and other incidental damages in a sum to be determined at the time of trial;

3.     For attorney's fees and costs of suit incurred herein;

4.     A judicial declaration that plaintiff is entitled to benefits under the terms of the insurance policy in question; and

5.     For such other and further relief as the Court deems just and proper.

///

1          PLAINTIFF DEMANDS A JURY TRIAL.

2     DATED: April 29, 2008                    LEVINE, STEINBERG, MILLER & HUVER

3

4
                                        By:    /s/ Harris I. Steinberg
5                                              HARRIS I. STEINBERG
                                               Attorneys for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28