Sandra I. Weishart (089782),
sweishart@barwol.com
Jason C. Love (228881)
jlove@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California 90071
Telephone: (213) 680-2800
Facsimile: (213) 614-7399

Attorneys for Defendant
Unum Life Insurance Company of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD L. SCHECHTER,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and Does 1-10,<br><br>　　　　Defendants. | Case No.: 08 CV 459 WQH LSP<br><br>**DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: March 12, 2008 |

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7671\521\08pleadings\answer to first amended complaint.doc

Defendant Unum Life Insurance Company of America ("DEFENDANT"), on behalf of itself and no others, answers the unverified first amended complaint ("Complaint") of Plaintiff Edward L. Schechter ("PLAINTIFF") as follows:

## ANSWER TO FIRST CLAIM FOR RELIEF
(For Breach of Contract)

1. Referring to paragraph 1 of the Complaint, DEFENDANT is informed and believes and on that basis alleges that at all times relevant PLAINTIFF is and was a resident of San Diego and a citizen of the State of California.

2. Referring to paragraph 2 of the Complaint, DEFENDANT alleges that at all times relevant it is and was a corporation incorporated in the State of Maine with its principal place of business in Portland, Maine.

3. Referring to paragraph 3 of the Complaint, DEFENDANT alleges that diversity of citizenship between the parties exists pursuant to 28 U.S.C. Section 1332. DEFENDANT further alleges that the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Referring to paragraph 4 of the Complaint, DEFENDANT lacks information and belief as to any fictitious defendants that might be liable for the acts alleged in the Complaint and on that basis DEFENDANT denies the allegations of paragraph 4 and further specifically denies that any individual could be held liable for the claims alleged herein.

5. Referring to paragraph 5 of the Complaint, DEFENDANT lacks information and belief as to any fictitious defendants that might be liable for the acts

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

alleged in the Complaint and on that basis DEFENDANT denies the allegations of paragraph 5 and further specifically denies that any individual could be held liable for the claims alleged herein.

6. Referring to paragraph 6 of the Complaint, DEFENDANT alleges that, at various times, DEFENDANT issued to PLAINTIFF disability income insurance policies, including but not limited to Policy Number LAD075787 ("Policy"). The Policy was issued based upon an exchange of one or more other disability income insurance policies, with the earliest policy anniversary date being March 28, 1976 and, therefore, the Policy has a policy anniversary date of March 28, 1976. DEFENDANT further alleges that the policy numbers, terms, provisions, conditions, riders and addenda, if any, of the Policy and other policies issued by DEFENDANT to PLAINTIFF speak for themselves and not otherwise. DEFENDANT further alleges that the Policy was entered into by PLAINTIFF and DEFENDANT within the jurisdiction of the above-entitled Court. DEFENDANT denies that any benefits are due and owing to PLAINTIFF. Except as so alleged, DEFENDANT denies the allegations of paragraph 6.

7. Referring to paragraph 7 of the Complaint, DEFENDANT alleges that PLAINTIFF has paid all premiums due under the Policy. Except as so alleged, DEFENDANT denies the allegations of paragraph 7.

8. Referring to paragraph 8 of the Complaint, DEFENDANT alleges that, in or about August 1995, PLAINTIFF submitted a claim for disability benefits under the Policy. DEFENDANT further alleges that, in or about August 1995, it learned that PLAINTIFF underwent brain surgery in or about July 1994. DEFENDANT further alleges that, at various times, PLAINTIFF has claimed that he suffered and/or suffers from medical conditions including tremors, depression, loss of visual field,

reduced cognitive ability and memory loss. Except as alleged herein, DEFENDANT denies the allegations of paragraph 8.

9. Referring to paragraph 9 of the Complaint, DEFENDANT lacks information and belief concerning whether PLAINTIFF is presently totally disabled from his own occupation and on that basis denies the allegation relating to PLAINTIFF's present disability status and medical condition. As to the remaining allegations of paragraph 9 of the Complaint, DEFENDANT denies the allegations therein.

10. Referring to paragraph 10 of the Complaint, DEFENDANT denies the allegations of paragraph 10.

11. Referring to paragraph 11 of the Complaint, DEFENDANT alleges that, subsequent to its receipt of PLAINTIFF'S claim for benefits under the Policy in 1995, and after PLAINTIFF satisfied the Policy's 90-day elimination period, DEFENDANT paid benefits to PLAINTIFF through on or about March 28, 2005, the Policy anniversary date when PLAINTIFF was 65. DEFENDANT further alleges that the Policy anniversary date when PLAINTIFF was 55 was March 28, 1995 and that DEFENDANT ceased paying benefits to PLAINTIFF because he was not entitled to lifetime benefits for sickness under the Policy. DEFENDANT further alleges that the terms, provisions, conditions, riders and addenda, if any, of the Policy speak for themselves and not otherwise. Additionally, the principles and rules of law, if any, in *McMackin v. Great American Reserve Ins. Co.* (1971) 22 Cal.App.3d 428 are as stated in that case and not otherwise. DEFENDANT denies that it had any duty to advise PLAINTIFF of the so-called "process of nature rule" and also denies that the purported rule applies to PLAINTIFF'S claim. Further, letters from DEFENDANT to PLAINTIFF are as stated therein and not otherwise.

1  DEFENDANT lacks information and belief concerning whether PLAINTIFF is
2  presently disabled and, on that basis, denies that allegation. Except as alleged herein,
3  DEFENDANT denies the allegations of paragraph 11.

5      12.   Referring to paragraph 12 of the Complaint, DEFENDANT denies the
6  allegations of paragraph 12.

8      13.   Referring to paragraph 13 of the Complaint, DEFENDANT denies the
9  allegations of paragraph 13.

## ANSWER TO SECOND CLAIM FOR RELIEF
(For Declaratory Relief)

14.  Referring to paragraph 14 of the Complaint, DEFENDANT incorporates by reference paragraphs 1 though 13, above, as if set forth fully herein.

15.  Referring to paragraph 15 of the Complaint, DEFENDANT is informed and believes and on that basis alleges that PLAINTIFF contends he is totally disabled and that he further contends he is entitled to lifetime sickness benefits under the Policy. Except as so alleged, DEFENDANT denies the allegations of paragraph 15.

16.  Referring to paragraph 16 of the Complaint, DEFENDANT is informed and believes and on that basis alleges that PLAINTIFF contends he is totally disabled and that he further contends he is entitled to lifetime sickness benefits under the Policy. DEFENDANT further alleges that it terminated PLAINTIFF'S benefits under the Policy on the ground that he did not qualify for lifetime sickness benefits under the Policy. Except as so alleged, DEFENDANT denies the allegations of paragraph 16.

17. Referring to paragraph 17 of the Complaint, DEFENDANT is informed and believes and on that basis alleges that PLAINTIFF requests a judicial declaration of the rights of both parties pursuant to the terms and conditions of the Policy. DEFENDANT alleges that a judicial declaration is neither necessary nor appropriate at this time as there is no ongoing contract and, although DEFENDANT denies that it breached any contract, any alleged breach of contract already occurred. Except as so alleged, DEFENDANT denies the allegations of paragraph 17.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

18. The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

19. PLAINTIFF has failed to mitigate his damages, if any, thus barring, or at least reducing, any recovery in this action.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Perform)

20. PLAINTIFF failed to meet and/or perform all the necessary covenants, conditions and/or promises required to be performed in accordance with the terms and conditions of the Policy.

## FOURTH AFFIRMATIVE DEFENSE
(Non-Occurrence of Condition Precedent)

21. No conditions with respect to the Policy have occurred that would create an obligation of indemnity by DEFENDANT for any loss allegedly suffered by PLAINTIFF, and thus PLAINTIFF is not entitled to any benefits thereunder.

## FIFTH AFFIRMATIVE DEFENSE
(Waiver)

22. PLAINTIFF has waived his right, if any, to seek the relief requested in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
(Estoppel)

23. PLAINTIFF, by his acts and conduct, is estopped from alleging any and all claims asserted in the Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
(Loss Precluded From Coverage Under Contract)

24. Any and all of PLAINTIFF'S claims under the Policy, which arise out of the allegations set forth in the Complaint, are barred and precluded by the provisions, terms, conditions, exclusions, riders, endorsements and limitations under the Policy.

## EIGHTH AFFIRMATIVE DEFENSE
(Laches)

25. DEFENDANT is informed and believes and, on such basis alleges, that PLAINTIFF is barred by the doctrine of laches from seeking the relief requested in the Complaint.

## NINTH AFFIRMATIVE DEFENSE
(Statutes of Limitations)

26. PLAINTIFF's recovery is barred by any relevant statute of limitations contained in the California Code of Civil Procedure, including but not limited to Sections 312, 335.1, 337(1), 338(a), 338(d), 339(1), 340(a), 340(c).

## TENTH AFFIRMATIVE DEFENSE
(Statutes of Limitations)

27. PLAINTIFF's recovery is barred by the three-year contractual limitations period set forth in the Policy.

## ELEVENTH AFFIRMATIVE DEFENSE
(Accord and Satisfaction and/or Novation)

28. PLAINTIFF'S recovery is barred by the doctrines of accord and satisfaction and/or novation.

## TWELFTH AFFIRMATIVE DEFENSE

(Reservation of Defenses)

29. DEFENDANT reserves its right to raise additional affirmative defenses and to supplement those asserted herein upon discovery of further information regarding the claims and upon further investigation.

## **PRAYER**

WHEREFORE, DEFENDANT prays for judgment as follows:

1. That PLAINTIFF take nothing by reason of his Complaint and that same be dismissed;

2. That judgment be entered against PLAINTIFF and in favor of DEFENDANT on the Complaint;

3. For costs of suit incurred herein, including such reasonable attorneys' fees as may be allowed by case or statutory authority and/or agreement of the parties;

For such other and further relief as this Court may deem just and proper.

Dated: May 9, 2008                             BARGER & WOLEN LLP

By: s/ Sandra I. Weishart
Sandra I. Weishart
E-mail: sweishart@barwol.com
Jason C. Love
E-mail: jlove@barwol.com
Attorneys for Defendant
Unum Life Insurance Co. of America

# PROOF OF SERVICE
### *Edward L. Schechter v. Unum Life Insurance Company of America*
### *USDC NO. 08 CV 459 WQJ LSP)*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: Barger & Wolen LLP, 633 W. Fifth Street, 47th floor., Los Angeles, California 90071.

     On **May 9, 2008**, I served the foregoing document(s) described as **DEFENDANT UNUM LIFE INSURANCE COMPANY OF AMERICA'S ANSWER TO FIRST AMENDED COMPLAINT** on the interested parties in this action by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope addressed as stated in the mailing list below.

Harris I. Steinberg, Esq.
Levine, Steinberg, Miller & Huver
550 West C. Street, Suite 1810
San Diego, CA 92101

**[X] BY MAIL**

    [X] I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X] BY CM/ECT**

    [X] Interested Party(ies) as listed above served through the Court's Case Management/ Electronic Case Filing (CM/ECT) system.

[X]    **(FEDERAL)**    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. Executed at Los Angeles, California on **May 9, 2008.**

Sonia Martinez                                                  *(Signature)*
(Name)

BARGER & WOLEN LLP
633 W. FIFTH ST.
FORTY-SEVENTH FLOOR
LOS ANGELES, CA 90071
(213) 680-2800

i:\office7\7671\521\08pleadings\proof of service.doc